Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Courtney R. Pratten
Todd M. Swensen
Assistant United States Attorney
402 E. Yakima Ave, Ste. 210
Yakima, WA 98901
Telephone: (509) 454 - 4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 18 2024

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:23-CR-02016-JLR |
| Plaintiff, | Plea Agreement |
| v. | |
| LEO JOHN YALLUP, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Courtney R. Pratten and Todd M. Swensen, Assistant United States Attorneys for the Eastern District of Washington, and Defendant ("Defendant") Leo John Yallup, both individually and by and through Defendant's counsel, Nicholas Marchi, agree to the following Plea Agreement.

1. **Guilty Plea and Maximum Statutory Penalties**

Defendant agrees to enter a plea of guilty to Count One in the Superseding Indictment filed on October 11, 2023, which charges Defendant with assault on a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111(b), a Class C felony.

Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

  a. a term of imprisonment of not more than 20 years;

  b. a three-year term of supervised release;

  c. a fine of up to $250,000; and,

  d. a $100 special penalty assessment.

2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

  a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

  b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

  c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

  a. sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

    b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;
    b.    the right to see, hear and question the witnesses;
    c.    the right to remain silent at trial;
    d.    the right to testify at trial; and
    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. <u>Elements of the Offense</u>

The United States and Defendant agree that to convict Defendant of assault on a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111(b), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, on or about March 2, 2023, the defendant forcibly assaulted J.G.;

PLEA AGREEMENT - 4

      b.      *Second*, the defendant did so while J.G. was engaged in, or on account of, his official duties as a federal officer or employee; and

      c.      *Third*, the defendant used a deadly or dangerous weapon.

7.    <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On or about March 2, 2023, a United States Marshal's Service (USMS) Task Force, which included Task Force Officer (TFO) J.G., Deputy United States Marshal (DUSM) B.L., and DUSM D.B., assembled to effectuate the arrest of Defendant on an outstanding warrant. The officers received information Defendant might be at 1161 Donald Wapato Road, in Wapato, Washington, in the Eastern District of Washington.

After proceeding to 1161 Donald Wapato Road and conducting surveillance, the officers were able to confirm Defendant was located just outside of the residence at that address. DUSM D.B. and DUSM B.L., who were together in an unmarked law enforcement vehicle when they arrived at 1161 Donald Wapato Road, turned into the driveway. TFO J.G. and TFO S.M., who were together in a second law enforcement vehicle, pulled into the driveway behind DUSM D.B. and DUSM B.L. The vehicle TFOs J.G. and S.M. were in had its lights activated when it turned into the driveway. Additionally, J.G. was wearing clothing identifying him as a member of law enforcement.

PLEA AGREEMENT - 5

When Defendant saw law enforcement pull into the driveway of 1161 Donald Wapato Road, he immediately fled behind the residence. DUSMs D.B. and B.L. exited their vehicle and began to pursue Defendant as he ran to the rear of the residence. TFO J.G. also exited his vehicle and ran to the back of the residence in pursuit.

When the officers converged at the back of the residence, they saw Defendant stumble near the tree line. TFO J.G. saw Defendant slow down and reach for his waistband. TFO J.G. took cover behind a power pole and drew his service weapon. Then he saw Defendant draw a firearm with his left hand, look over his left shoulder, and point the firearm at DUSM B.L. DUSM B.L. ran for cover and TFO J.G. then saw Defendant point the firearm at TFO J.G. TFO J.G. proceeded to point his service weapon at Defendant and TFO J.G. and DUSM D.B. saw Defendant then point his firearm at DUSM D.B.

DUSM D.B. was attempting to get behind cover and transition from his taser to his service weapon when TFO J.G. fired three shots at Defendant. One of the shots struck Defendant in the head and Defendant fell to the ground.

The officers contained the situation by handcuffing Defendant and then they began to render medical aid. During this process they turned Defendant over on his back. When they turned him, law enforcement observed Defendant was laying on the firearm he had pointed at DUSMs D.B. and B.L and TFO J.G. Defendant also had an empty holster in his pocket, and a second holster that contained a firearm near his shoulder/torso area.

On March 3, 2024, a member of the Federal Bureau of Investigations (FBI) Evidence Response Team (ERT) executed a search of the rear yard of 1161 Donald Wapato Road. During the search they located a Glock 43 handgun, S/N ADYC162, with a loaded magazine and one live round in the chamber. They also located a Taurus G3C 9mm handgun, S/N ABE627241, with a loaded magazine

PLEA AGREEMENT - 6

and one live round in the chamber, a black fabric shoulder holster, and a black plastic holster.

Defendant agrees and stipulates when the members of the United States Marshal's Service (USMS) Task Force encountered him at 1161 Donald Wapato Road on March 2, 2022, the members of the task force were engaged in their official duties as federal officers or employees.

8. The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts 3 and 5 of the Superseding Indictment filed October 11, 2023, which charge Defendant with Assault on Federal Officers with a Deadly Weapon, in violation of 18 U.S.C. § 111(b).

The United States will move to dismiss Count 2, Count 4, and Count 6 of the Superseding Indictment filed October 11, 2023, which charge Defendant with Using, Carrying or Brandishing a Firearm During and in Relation to a Crime of Violence, in a violation of 18 U.S.C. § 924(c)(1)(A)(ii).

The United States will move to dismiss Count 7 of the Superseding Indictment filed October 11, 2023, which charges Defendant with Being a Felon in Possession of a Firearm, in a violation of 18 U.S.C. § 922(g)(1)(924(a)(8).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Superseding Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine

PLEA AGREEMENT - 7

Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

      a.    <u>Base Offense Level</u>

The United States and the Defendant agree that the base offense level for aggravated assault is 14. U.S.S.G. § 2A2.2(a).

      b.    <u>Special Offense Characteristics</u>

The United States and the Defendant agree that Defendant's base offense level is increased by 3 levels because Defendant brandished a firearm. U.S.S.G. § 2A2.2(b)(2)(C).

The United States and the Defendant agree that Defendant's base offense level is increased by 2 levels because Defendant was convicted under § 111(b). U.S.S.G. § 2A2.2(b)(7).

      c.    <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

      i.    accepts this Plea Agreement;

      ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

      iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

      iv.    provides complete and accurate information during the sentencing process; and

      v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is

PLEA AGREEMENT - 8

charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

        d.     <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

        e.     <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

    10.    <u>Incarceration</u>

The United States will recommend a sentence of imprisonment of 84 months.

Defendant agrees to recommend a sentence of imprisonment within the range of 63 to 78 months.

Additionally, the United States will recommend any sentence imposed for any supervised release violations in case 1:15-CR-02031-JLR-1 run concurrent with any sentence imposed in case 1:23-CR-02016-JLR.

    11.    <u>Supervised Release</u>

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty

PLEA AGREEMENT - 9

plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b. Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c. Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12. <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. <u>Abandonment</u>

Defendant agrees to abandon the following listed assets to the Federal Bureau of Investigation (FBI):

PLEA AGREEMENT - 10

- a Glock 9mm handgun bearing serial number ADYC162 with a live round in the chamber and a loaded magazine;
- a Taurus 9mm handgun bearing serial number ABE627241, with a live round in the chamber and a loaded magazine; and,
- two holsters

Defendant agrees to take all steps as requested by the United States and FBI to effectuate the abandonment of the assets to FBI and hereby agrees to execute any and all forms and pleadings necessary to effectuate such abandonment. Defendant consents to the disposal of the assets, including destruction of the assets and/or return of the assets to a lawful owner.

Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and disposal of the assets listed above.

Defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that FBI might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the assets. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the assets including any such claim for attorney fees and litigation costs.

14.   **Mandatory Special Penalty Assessment**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

PLEA AGREEMENT - 12

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant,

PLEA AGREEMENT - 13

and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    6/18/2024
Courtney R. Pratten                Date
Assistant United States Attorney

_____    6/18/2024
Todd M. Swensen  for               Date
Assistant United States Attorney

PLEA AGREEMENT - 14

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____    _6/18/24_
Leo John Yallup                                       Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    _6/18/24_
Nicholas Marchi                                       Date
Attorney for Defendant

PLEA AGREEMENT - 15