Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Courtney R. Pratten
Todd M. Swensen
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
Telephone: (509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>LEO JOHN YALLUP,<br><br>  Defendant. | 1:23-CR-2016-JLR<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW FROM PLEA AGREEMENT (ECF No. 102) |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Todd M. Swensen, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following response to Defendant's Motion to Withdraw Guilty Plea. *See* ECF No. 102.

//

//

//

## I. Introduction:

The Defendant seeks to withdraw his guilty plea despite the obvious validity of his Plea Agreement, the knowing, voluntary, and intelligent nature of his guilty plea, and the fulsome plea colloquy conducted by the Court.

Defendant's motion is meritless, and it should be denied. The Defendant cannot demonstrate any legal or factual basis for withdrawing his valid guilty plea. The language of the Plea Agreement and the record of his plea colloquy make it absolutely clear that he had ample opportunity to express to the Court whatever concerns he had at the time of his plea. He did not do so. He has not articulated any new information that would justify the withdrawal of his plea. Specifically, the Defendant seeks withdrawal from his Plea Agreement for two reasons: 1) that the Government breached the Plea Agreement by investigating a murder charge against the Defendant; and 2) that United States Marshals deputies threatened the Defendant on the day he pled guilty.

## II. Procedural Posture:

On June 18, 2024, the Defendant pled guilty to Count One of the Superseding Indictment, charging the Defendant with Assault on a Federal Officer with a Deadly Weapon, in violation of 18 U.S.C. § 111(b). ECF Nos. 93, 94. The United States respectfully submits that the language of the Plea Agreement and the Court's extensive plea colloquy precludes the Defendant's claims. The United States

respectfully submits that it is proper and within the Court's discretion to deny Defendant's motion to withdraw his plea and proceed with sentencing.

### III.    Relevant Facts:

On April 11, 2023, the Defendant was charged in a two-count Indictment with Assault on Federal Officers with a Deadly Weapon (Count 1), in violation of 18 U.S.C. § 111(a)(1), (b), and Using, Carrying, Brandishing a Firearm During and in Relation to a Crime of Violence (Count 2), in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The Defendant was arrested on March 2, 2023, for the indicted charges.

On October 11, 2023, a Superseding Indictment was filed against the Defendant, alleging Assault on Federal Officers with a Deadly Weapon (Count 1, 3, 5), in violation of 18 U.S.C. § 111(a)(1), (b); Using, Carrying, Brandishing a Firearm During and in Relation to a Crime of Violence (Count 2, 4, 6), in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Felon in Possession of Firearms (Count 7), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

On June 18, 2024, the Defendant pled guilty to Count One of the Superseding Indictment, charging the Defendant with Assault on a Federal Officer with a Deadly Weapon, in violation of 18 U.S.C. § 111(b).  ECF Nos. 93, 94.  In the Plea Agreement, the United States agreed "not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement

US RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA
3

1 that arise from conduct that is either charged in the Superseding Indictment or
2 identified in discovery produced in this case . . . ." *See* ECF No. 94 at ¶ 8.
3    On May 29, 2024, an FBI agent, along with two Yakama Nation Tribal Police
4
5 officers interviewed a source who was then in custody in the Yakima County Jail.
6 The source, who had provided information in the past, sought out law enforcement in
7 the hopes of providing information for consideration of her pending state charges.
8
9 During the interview, the source provided information that the Defendant may have
10 been involved in a homicide with another male suspect.
11    On June 18, 2024, the FBI agent memorialized the above interview onto an FBI
12
13 Interview Report Form 302.  On July 30, 2024, a second FBI agent conducted a
14 follow-up interview with the above source.  Again, the source implicated the
15 Defendant in a murder on the Yakama Indian Reservation.  A second Interview Report
16
17 Form 302, dated August 5, 2024, memorialized this follow-up interview.
18    Sometime within two weeks after the second interview on July 30, 2024,
19
20 government counsel of record became aware of the Defendant's possible involvement
21 in the above-mentioned murder.
22 **IV.    Relevant Law:**
23
24    Defendant has no constitutional or statutory right to withdraw a guilty plea prior
25 to sentencing.  *United States v. Ramos*, 923 F.2d 1346, 1358 (9th Cir. 1991); *United*
26 *States v. Youpee*, 419 F.2d 1340, 1343 (9th Cir. 1969).  Defendant may be permitted
27
28

to withdraw his guilty plea before sentencing only if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The decision to allow withdrawal of a guilty plea "is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003) (citations omitted). Defendant bears the burden of showing the "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

The "fair and just reason" standard does not permit a Defendant to withdraw his guilty plea "simply on a lark," as here, "[a]fter the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea." *United States v. Hyde*, 520 U.S. 670, 676 (1997). A guilty plea is not a placeholder that reserves Defendant's right to the criminal justice system's incentives for acceptance of responsibility unless or until a preferable alternative later arises. *See United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).

Several factors are relevant to the Court's evaluation of whether a fair and just reason exists, including whether a Defendant has asserted factual innocence to the charges to which he or she pled guilty, the reason for a delayed assertion of innocence, whether the guilty plea was entered under questionable circumstances, and the delay in filing the motion to withdraw. *See United States v. Alber*, 56 F.3d 1106, 1111 (9th

Cir. 1995) (three-month delay between plea and filing of motion was a factor in court's denial of motion to withdraw plea).

"The fair-and-just standard requires a district court to vacate the guilty plea only when it is 'shown to have been unfairly obtained or given through ignorance, fear or inadvertence.'" *United States v. Dewey*, 2010 WL 1135772, *6 (9th Cir. 2010) (citing *United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987)).  A "fair and just reason" could include an inadequate plea colloquy, newly discovered evidence, intervening circumstances, or some other reason that did not exist when the Defendant entered his plea.  *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008). This standard is to be liberally applied, *see* Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Jones,* 472 F.3d 1136, 1141 (9th Cir. 2007), but the burden rests squarely on Defendant to demonstrate the existence of at least one such condition.

The "fair and just reason" standard does not permit Defendant to withdraw his plea merely because he has had a change of heart, even without prejudice to the government.  *Hyde*, 520 U.S. at 676-677; *see also Ensminger*, 567 F.3d at 593 ("Our prior decisions make clear that a change of heart – even a 'good faith change of heart' – is not a fair and just reason that entitles [the Defendant] to withdraw his plea, even where the government incurs no prejudice.").  Once a plea is accepted, "withdrawal is, as it ought to be, the exception, not an automatic right."  *Ensminger*, 567 F.3d at 593.

//

V. **Argument:**

Defendant's guilty plea is as valid today as it was on June 18, 2024, when he knowingly, voluntarily, and intelligently entered it. He has not met his burden of establishing any of the standards for a "fair and just reason" set forth above.

Defendant seeks withdrawal of his plea on two grounds. ECF No. 102. First, Defendant claims that the United States was in possession of information regarding additional protentional charges at the time of his plea agreement, and had he been aware of this information, he would not have pled guilty; and his "decision to plead guilty was made while under the duress of threats by U.S. Marshals on the day he pled guilty." ECF No. 102.

> A. <u>No Basis Exists for the Defendant to Withdraw from His Plea Agreement Based on Information Allegedly in the Possession of the United States at the Time of His Plea Agreement</u>.

Although the FBI had information that the Defendant may have been involved in a homicide on the Yakama Indian Reservation, at the time it was simply an allegation by a known methamphetamine addict who was looking to provide information to get consideration for pending state charges. This was the beginning stages of an investigation, which is currently ongoing. Counsel of record here was not aware that these interviews were being conducted, nor that the Defendant had been implicated. At the point of the interview, it was simply information requiring additional investigation in order to verify its validity. As such, this information was

not in possession of the Prosecution at the time of its negotiations with the Defendant, nor at the time of the Defendant's change of plea hearing.

Additionally, even if this Court finds that the government was in possession of the above information, the Plea Agreement specifically states that only information "that arise[s] from conduct that is *either charged* [here] or identified in discovery produced *in this case*" is relevant here. Because this new information on the Defendant's possible implication in a murder pertains to a different case and does not arise from the conduct charged in this case, the United States has not breached its agreement with the Defendant.

B. <u>The Defendant was not Threatened by the United States into Pleading Guilty</u>.

The Defendant maintains that he was threatened by United States Marshals deputies on the day he pled guilty. Decl. of Leo Yallup at ECF No. 103. According to the Defendant, the Marshals deputies told the Defendant that if he made it hard for them, they would make it hard for him. *Id*. During his change of plea hearing, the Defendant had a twenty-minute break after the hearing started to confer with his counsel. The Defendant's answers at his change of plea hearing belie his assertion that he was threatened. At no time during any of this Court's questioning did the Defendant assert that he was threatened by Marshals deputies, even after having a twenty-minute break to confer with his defense counsel. Besides his own statement, the Defendant has not provided any factual basis to demonstrate any reasonable belief

US RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA
8

for these alleged threats. As such, he has failed to overcome the strong presumption of veracity regarding the statements he made to the contrary during his change of plea hearing.

VI. **Conclusion:**

For the reasons set forth herein, Defendant has failed to meet his burden of demonstrating a fair and just reason to withdraw his guilty plea. Therefore, the Defendant's motion should be denied.

Respectfully submitted this 27th day of September 2024.

                                        Vanessa R. Waldref
                                        United States Attorney

                                        Todd M. Swensen
                                        Assistant U.S. Attorney

I hereby certify that on September 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the counsel of record in this case.

*/s/ Todd M. Swensen*
Todd M. Swensen
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA   98901
(509) 454-4425
(509) 249-3297 (fax)