FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LEO JOHN YALLUP,<br><br>　　　　　Defendant. | CASE NO. CR23-2016JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is Defendant Leo John Yallup's motion to withdraw his guilty plea.  (Mot. (Dkt. # 102).)  Plaintiff the United States of America (the "Government") opposes the motion.  (Resp. (Dkt. # 106).)  The court has considered the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES Mr. Yallup's motion.

---

[1] After reviewing the parties' briefs, the court concludes that oral argument would not aid in its disposition of Mr. Yallup's motion.

ORDER - 1

## II. BACKGROUND

Mr. Yallup was charged with three counts of assaulting a federal officer with a firearm in violation of 18 U.S.C. § 111(b), three counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). (Superseding Indictment (Dkt. # 48).) On June 18, 2024, Mr. Yallup pled guilty to Count 1 in the Superseding Indictment for assault on a federal officer with a firearm in violation of 18 U.S.C. § 111(b). (*See generally* Plea Agreement (Dkt. # 94); 6/18/24 Min. Entry (Dkt. # 93).) The Government agreed to dismiss the remaining six counts in the Superseding Indictment and "not to bring additional charges against Defendant based on information in its possession at the time of th[e] Plea Agreement that arise from conduct that is either charged in the Superseding Indictment or identified in discovery produced in this case[.]" (Plea Agreement at 7.) During the hearing, Mr. Yallup indicated that he wanted to speak with his attorney, and the two conferred in private for approximately twenty minutes. Mr. Yallup informed the court that he wished to proceed with the plea hearing and calmly and competently answered the court's questions. The court accepted Mr. Yallup's plea and set sentencing for September 17, 2024. (*See* 6/21/24 Order (Dkt. # 95).)

On September 10, 2024, Mr. Yallup filed a motion to withdraw his guilty plea. (Mot.) Mr. Yallup "maintains that he was coerced and threatened by the government to plead guilty in this matter" and further believes that the Government's investigation of

//

him for a new charge of murder requires the court to allow him to withdraw his plea. (*Id.* at 3-4.) Mr. Yallup's motion is now ripe for review.

### III.    ANALYSIS

**A.    Legal Standard**

A defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes a sentence, if the defendant can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant does not always have the right to withdraw a plea because the decision to allow withdrawal . . . is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." *Id.*

The "fair and just reason" standard does not allow the defendant to withdraw his guilty plea "simply on a lark." *United States v. Hyde*, 520 U.S. 670, 676 (1997). "The guilty plea is not a placeholder that reserves [the defendant's] right . . . unless or until a preferable alternative later arises." *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009). "Once the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right." *Id.* "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004) (citations omitted).

//

B.    **Mr. Yallup's Motion**

Mr. Yallup makes four arguments in support of his motion to withdraw his guilty plea: (1) he "was coerced and threatened by the government to plead guilty"; (2) the Government breached the plea agreement by investigating a new charge of murder against Mr. Yallup; (3) a fair and just reason to withdraw the plea exists because a murder conviction "would be impacted by the guilty plea in this case, i.e., an increase in the Offender Score and Criminal History Category"; and (4) he did not "knowingly" plead guilty because "he was not informed of the [murder] investigation prior to the entry of his plea." (Mot. at 3-4; *see also* Yallup Decl. (Dkt. # 103) ¶ 4 (declaring that officers in the U.S. Marshals Service told Mr. Yallup that if he "ma[d]e it hard for them, they w[ould] make it hard for [him]").) Mr. Yallup's arguments are meritless, and the court rejects each in turn.

First, Mr. Yallup's conduct and answers to the court's questions during the plea hearing belie his assertion that he was threatened. Mr. Yallup never told the court he was or felt threatened, and the court gave Mr. Yallup time to speak with his attorney during the hearing to ensure that he was comfortable proceeding with his plea of guilty. Besides Mr. Yallup's own eleventh-hour assertion, there is no evidence or factual basis to demonstrate any reasonable belief for these alleged threats.

Second, the Government did not breach the plea agreement by investigating Mr. Yallup for a new charge of murder. Even if the Government was in possession of information concerning the alleged murder at the time of the plea hearing, Mr. Yallup has failed to show that the information allegedly implicating him in a murder arose from

conduct that was charged in this case or identified in discovery produced in this case. (*See generally* Mot.; Plea Agreement at 7.)

Third, the fact that Mr. Yallup's plea in this case may impact the guideline range for future crimes he commits does not constitute a fair and just reason to withdraw the plea. Mr. Yallup provides no case law in support of his argument, and the court is aware of none. Mr. Yallup signed the plea knowing the Government could charge him with future crimes, and this argument is therefore baseless.

Fourth, nothing in the plea agreement required the Government to disclose to Mr. Yallup all of the crimes it was investigating him for at the time of the plea. (*See generally* Plea Agreement.) Again, Mr. Yallup provides no case law in support of his unfounded argument.

In sum, Mr. Yallup has fallen well short of establishing a fair and just reason to withdraw his guilty plea, and the court therefore denies his motion.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES Mr. Yallup's motion to withdraw his guilty plea (Dkt. # 102). Sentencing will take place on October 24, 2024 at 10:30 a.m. in Yakima.

Dated this 9th day of October, 2024.

JAMES L. ROBART
United States District Judge