# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN LEO YALLUP,<br><br>　　　　　　　Defendant. | Case No.　1:23-CR-2016-JLR-1<br>　　　　　　　1:15-CR-2031-JLR-1<br><br>**CRIMINAL MINUTES**<br><br>DATE:　10/24/2024<br><br>LOCATION:　Yakima<br><br>SENTENCING / SUPERVISED RELEASE REVOCATION |

**SENIOR JUDGE JAMES L ROBART**

| Ruby Mendoza | | Marilynn McMartin |
|---|---|---|
| **Courtroom Deputy** | **Law Clerk**　　　　**Interpreter** | **Court Reporter** |
| Todd Swenson | | Nicholas W Marchi |
| **Government Counsel** | | **Defense Counsel** |

**[ X ] Open Court**　　　　　　　　　　**[ X ] US Probation:**　Carrie A. Valencia / Kyle Mowatt

Defendant is present in the courtroom with counsel and is in custody of the US Marshal in full restraints.

Court outlines the case. Court has reviewed all of the pleadings that have been filed and presentence report. Total offense level of 22.

T. Swensen presents argument and outlines recommendations on behalf of the Government. Imprisonment: 84 months; upward departure from the recommended guideline range, which allows for this in the sentencing guidelines Section 5K2.21.

Court colloquy with T. Swensen regarding Defendants argument about the length of the sentence.

N. Marchi presents argument and outlines recommendations on behalf of the Defendant. N. Marchi asks the Court to make a recommendation for Defendants' placement at FMC Rochester to receive needed medical attention. Imprisonment: 63 months.

Court makes recommendation for placement at a medical facility.

N. Marchi requested the supervised release violation run concurrently with the sentence imposed in 1:23-CR-2016-JLR-1.

Defendant declined to make an allocution statement.

The Court states conclusions regarding criminal history and guideline range. Total offense level of 22; a criminal history category of IV; guideline range of 63 to 78 months.

USA -vs- Yallup  
1:23-CR-2016-JLR-1 & 1:15-CR-2031-JLR-1  
Sentencing & Supervised Release Revocation

**10/24/2024**  
Page 2

Court speaks to defendant. Court outlines the 3553 factors.

**Imprisonment:** 120 months in case 1:23-CR-2016-JLR-1, terms to run concurrent with any sentence imposed in 1:15-CR-2031-JLR-1.

As requested, the Court will recommend to the BOP that the Defendant be housed at a medical facility where he can receive treatment for his injuries. The Court will not make a recommendation for RDAP and will leave it to the Bureau of Prisons to decide.

N. Marchi indicates conditions were reviewed and they have no objection to the conditions.

**Supervised Release:** 36 months, with all the conditions recommended by U.S. Probation and the following special conditions:

1. You must not communicate, or otherwise interact, with Jose Gonzalez, either directly or through someone else, without first obtaining the permission of the probation officer. You must not enter the premises or loiter within 1000 feet of the victim's residence or place of employment (unless for legitimate purposes based upon Mr. Gonzalez' employment).

2. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

3. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

4. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

5. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

6. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

The Defendant is remanded to the custody of the US Marshal.

*After the hearing the Court advised Defendant of his right to appeal through counsel.

| CONVENED: 10:31 AM | ADJOURNED: 10:59 AM | TIME: 28 MINS | [ ] ORDER FORTHCOMING |
|---|---|---|---|